

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRUCE BERNARD TOWNSEND, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: CV206-065 |
| JOSE M. VAZQUEZ; HENRY RUIZ; Lt. FANNUCCI; Mrs. HARRIS; SCOTT SCHLEDER; Lt. R. MAULDIN; Chaplain O'NEIL; MICHAEL B. COOKSEY; CHRISTOPHER ERLEWINE; SUSAN VAN BALAAN; ROBERT McFADDEN; JOHN M. VANYUR; KATHLEEN M. KEENEY; VAN VANDIVER; PAUL KENNEDY; RAY HOLT; Mr. SANTIAGO; ERIN CHALFANT; Mr. COUGHLIN; Lt. STERN; Director HARLEY G. LAPPIN, and BUREAU OF PRISONS, | : |
| Defendants. | : |

### MAGISTRATE JUDGE'S ORDER
### and
### REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia, was granted leave of the Court, by Order dated March 14, 2006, to proceed in forma pauperis in an action contesting the conditions of his confinement.

A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

AO 72A
(Rev. 8/82)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed and count as strikes under § 1915(g): (1) Townsend v. United States Bureau of Prisons, CV203-6 (S.D. Ga. Feb. 2, 2004) (dismissed for failure to exhaust administrative remedies[1]); (2) Townsend v. McFadden, CV204-45 (S.D. Ga. April 25, 2005) (dismissed for failure to exhaust administrative remedies); and (3) Townsend v. McFadden, 05-12516D (11th Cir. July 13, 2005) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id. at 1193.

In his Complaint, Plaintiff alleges that the Bureau of Prisons allows Native American, Christian, Jewish, and Islamic prisoners to practice their religions but does not allow Rastafarian prisoners to do so. Plaintiff contends that Rastafarian prisoners are not allowed to adhere to their religion's prescribed diet. Plaintiff also contends that he petitioned the Religious Issues Committee to provide ceremonial drums and his religion's sacramental "herb" (marijuana), and his requests were denied. Plaintiff further contends that he has been denied hygiene products which comport with his religious tenets and access to an outside tabernacle. Plaintiff contends that he has been subjected to religious persecution and torture.

The Court does not diminish Plaintiff's religious beliefs and practices. However, Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint, which is dated December 2, 2005. Accordingly, the Court **VACATES** its March 14, 2006, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to

3

proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.[2]

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 24th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] At the time Plaintiff filed his Complaint on February 9, 2006, the applicable filing fee was $250.00. However, due to an increase in the filing fee effective April 9, 2006, the applicable filing fee is $350.00 for all new complaints filed on or after that date.

4